**RECORD NO. 13-4296(L)**
**CONSOLIDATED W/13-4299**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DENNIS RAY HOWARD,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**SUPPLEMENTAL OPENING BRIEF OF APPELLANT
DENNIS RAY HOWARD**

Robert L. Cooper
COOPER, DAVIS & COOPER
1719 Ramsey Street
P.O. Drawer 1598
Fayetteville, North Carolina 28302-1598
(910) 483-3843 Telephone
cooperdaviscooperatty@embarqmail.com

*Counsel for Appellant*　　　　　　　　　　　　　　January 28, 2014

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CASES, STATUTES, AND AUTHORITIES | ii |
| STATEMENT OF JURISDICTION | 1 |
| ISSUE PRESENTED FOR REVIEW | 1 |
| STATEMENT OF CASE | 1 |
| STATEMENT OF FACTS | 6 |
| SUMMARY OF ARGUMENT | 9 |
| ARGUMENT | 9 |
|     STANDARD OF REVIEW | 9 |
| CONCLUSION | 11 |
| CERTIFICATE OF COMPLIANCE | 12 |
| CERTIFICATE OF FILING AND SERVICE | 13 |

TABLE OF CASES, STATUTES AND AUTHORITIES

## CASES                                                                 Page

Gall v. United States, 552 U.S. 38 (2001) ...................................................... 9

United States v. Blakney, 499 Fed. Appx. 238 (4th Cir. 2012)........................ 9

United States v. Cash, 983 F.2d 558 (4th Cir. 1992)........................................ 9

United States v. Espinoza-Martinez, 330 Fed. Appx. 49 (4th Cir. 2009) ....... 9

United States v. Mishoe, 241 F.3d 214 (2d Cir. 2001)................................. 10

United States v. Myers, 589 F.3d 117 (4th Cir. 2009) ............................ 10, 11

United States v. Rivera-Santana, 668 F.3d 95 (4th Cir. 2012)........................ 9

## STATUTES

18 U.S.C. § 2...................................................................................................... 4

18 U.S.C. § 924(c) ............................................................................................. 1

18 U.S.C. § 3742................................................................................................ 1

21 U.S.C. § 841.................................................................................................. 1

21 U.S.C. § 841(a)(1).................................................................................. 2, 3, 4

21 U.S.C. § 846............................................................................................. 1, 2

21 U.S.C. § 851.................................................................................................. 4

28 U.S.C. § 1291................................................................................................ 1

## SENTENCING GUIDELINES

Page

18 U.S.S.G. Appx. § 4A1.3 .................................................................... 1, 7, 8

18 U.S.S.G. Appx. § 4B1.1.......................................................................... 8

## OTHER AUTHORITIES

U.S. Sentencing Commission, Fifteen Years of Guideline
    Sentencing, at 133-34 (Nov. 2004)........................................................... 10

## STATEMENT OF JURISDICTION

The District Court had jurisdiction over these cases, by virtue of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 924(c). This Court has jurisdiction over this appeal, by virtue of 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Mr. Howard gave notice of appeal on April 17, 2013. (J.A. pp. 754, 757, Dkt. #s 89, 54). This appeal is from final orders.

## ISSUE PRESENTED FOR REVIEW

Whether the District Court erred in departing under U.S. Sentencing Guidelines Manual § 4A1.3 (2013) from an advisory Guidelines range of 120 months of imprisonment to a range of 360 months to life imprisonment, and in sentencing Howard to life imprisonment.

## STATEMENT OF CASE

This is a supplemental brief on the appeal of the conviction and sentences imposed upon Defendant-Appellant on April 11, 2013 (J.A. p. 747, Dkt. #87), as well as the revocation of supervised release and sentence imposed on April 11, 2013. Sentencing was had before The Honorable Chief Judge James C. Dever, III, and a sentence of life was imposed on Count 1; on Counts 2 through 10, a sentence of 360 months was imposed, to run concurrent with the sentence in Count 1; and on Count 11, a sentence of

60 months was imposed, to run consecutive to the sentences in Counts 1 through 10.

Defendant-Appellant's supervised release was also revoked and a sentence of 60 months was imposed, to run consecutive to the other sentences imposed. (J.A. pp. 756, Dkt. #53).

On December 2, 1997, Defendant-Appellant was sentenced to a term of 292 months on his conviction for conspiracy to distribute and possession with intent to distribute cocaine in case number 5:97-CR-00098-D-1. As a part of this sentence, Defendant-Appellant was sentenced to five years of supervised release upon completion of his term of incarceration. Defendant-Appellant's sentence in this case was subsequently reduced to 150 months and he eventually gained his release and his supervised release began on June 12, 2008. (J.A. p. 26, Dkt. #19).

On January 19, 2012, an Indictment issued in case number 5:12-CR-9-D-1, charging Defendant-Appellant with conspiracy to distribute and possession with the intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. §§841(a)(1), 846, in Count 1 (J.A. p. 29; Dkt.#1); on or about September 20, 2010, with distribution of a quantity of a mixture of substance containing a detectable amount of phencyclidine (PCP), in

2

violation of 21 U.S.C. §841(a)(1), in Count 2; on or about September 22, 2010, with distribution of a quantity of a mixture of substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. §841(a)(1), in Count 3; on or about September 30, 2010, with distribution of a quantity of a mixture of substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. §841(a)(1), in Count 4, (J.A. p. 30, Dkt. 1, p. 2); on or about October 4, 2010, with distribution of a quantity of a mixture of substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. §841(a)(1), in Count 5; on or about October 5, 2010, with distribution of a quantity of a mixture of substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. §841(a)(1), in Count 6; on or about October 13, 2010, with distribution of a quantity of a mixture of substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. §841(a)(1), in Count 7, (J.A. p. 31, Dkt. 1, p. 3), on or about March 13, 2011, with distribution of a quantity of a mixture of substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. §841(a)(1), and aiding and abetting another in doing so, in violation of 18

U.S.C. §2, in Count 8; and on or about May 13, 2011, with distribution of a quantity of a mixture of substance containing a detectable amount of phencyclidine (PCP), in violation of 21 U.S.C. §841(a)(1), in Count 9 (J.A. p. 32, Dkt. 1, p. 4).

On September 22, 2012, a Superseding Indictment was filed, which changed the date on the substantive count from March 13, 2011, to March 15; incorporated all of the Counts from the original indictment and added a substantive count for distribution of phencyclidine (PCP), on April 7, 2011, in violation of 21 U.S.C. §841(a)(1), in Count 9 (J.A. p. 67, Dkt. 37, p.4), and possession of a firearm in furtherance of a drug trafficking offense, on or about May 13, 2011, in Count 11 (J.A. p. 68, Dkt. 37, p.5).

On October 12, 2012, the Government filed its Notice of Intent to Seek Enhanced Penalty under 21 U.S.C. §851. (J.A. p. 77, Dkt. 56). Trial was had by jury on the charges contained in the Superseding Indictment, beginning October 15, 2012, before The Honorable James C. Dever, III, Chief Judge. After the presentation of evidence, argument of counsel and instruction by the Trial Judge, the jury returned verdicts of guilty as to all charges on October 17, 2012. (J.A. p.p. 687-691, Dkt. 69). Following the entry of the verdict, Defendant-Appellant, through Counsel, filed his Motion for Judgment of Acquittal After Guilty Verdict. (J.A. p. 692, Dkt. 71). The

Government filed a response and memorandum in support in opposition to the motion. (J.A. p. 694, Dkt. 72).

Additionally, once the verdict was final, the United States Probation Office filed an Amended Motion for Revocation in case 5:97-CR-98-D-1, based upon Defendant-Appellant's conviction in case number 5:12-CR-9-1D. (J.A. pp. 704-705, Dkt. 50).

On April 11, 2013, Defendant-Appellant's Motion for Acquittal, Sentencing and Revocation of Supervised Release was heard before The Honorable Chief District Judge James C. Dever, III. Upon review of the pleadings and review of the evidence presented at trial, the Court denied Defendant-Appellant's Motion for Acquittal. (J.A. p. 710-714). As for sentencing, the Court, on its own motion, departed upwardly on Defendant-Appellant's sentence, finding the guideline range on Count 1 to be 420 months to life (J.A. p. 736); on Counts 2 through 10, to be 360 months (J.A. p. 736) and 60 months on Count 11 (J.A. p. 736). Pursuant to the Court's findings, the Court sentenced Defendant-Appellant to life on Count 1, 360 months on Counts 2 through 10, to run concurrent with the sentence on Count 1; and 60 months on Count 11, to run consecutive to the sentences previously imposed. (J.A. pp. 747-753, Dkt. 87, pp. 1-7).

5

At the conclusion of sentencing, The Honorable Chief District Judge held a hearing on the revocation of Defendant-Appellant's supervised release in case number 5:97-CR-98-1-D. On review of the pleadings and evidence presented at trial, the Court revoked Defendant-Appellant's supervised release and sentenced him to a term of 60 months to run consecutively to the sentences imposed in case number 5:12-CR-9-1. (J.A. p. 756, Dkt. #98).

Defendant-Appellant filed timely notices of appeal in both cases on April 17, 2013. (J.A. pp. 757, 754, Dkt. #s 54, 89). This appeal is from final Orders.

On July 24, 2013, Mr. Howard, through Counsel, filed his Opening Brief, raising the sole issue of whether the trial court erred in denying Mr. Howard's Motion for Acquittal. On October 7, 2913, the Government filed its Brief in Response. On January 8, 2014, the Court issued its Order, directing the parties to brief the issue raised in this Supplemental Brief.

## STATEMENT OF FACTS

After Mr. Howard's conviction in this action, the Presentence Investigation Report (PSR) was prepared, which found Mr. Howard responsible for possessing and/or distributing 319.80 grams of PCP. (J.A. p. 821). This translated to a base offense level of 26, which when combined

with Mr. Howard's criminal history category of III, yielded a guideline range for imprisonment of 120 months. (J.A. p. 822). In fact, the note to Paragraph 59 reveals that, but for the statutory minimum involved in this case, the guideline range would have been 78 to 97 months.

In computing Mr. Howard's criminal history, the only conviction scored was a federal cocaine conviction from 1997, for which Mr. Howard was sentenced to 292 months in custody. After receiving a sentence modification in 2000 to 150 months, Mr. Howard was released and placed on supervised release, when the crimes for which he was convicted were committed. (J.A. p. 818).

Convictions not scored for purposes of determining Mr. Howard's criminal history included: 2 felony drug convictions from 1989; 1 felony drug conviction from 1990; 1 voluntary manslaughter conviction from 1991; and numerous misdemeanor convictions from 1989 through 1996. (J.A. pp. 815-817).

Additionally, the PSR listed as a factor that might warrant departure or variance was the inadequacy of criminal history category under U.S.S.G. § 4A1.3. (J.A. p. 825).

7

At sentencing, the Court sustained the Government's objection to Mr. Howard's base offense level of 26, finding that, based upon trial testimony, the proper level should be 28. (J.A. pp. 715-717). The total offense level of 28, combined with the criminal history category of III yielded a sentencing guideline range of 120 to 121 months.

The Court, on its own motion (Dkt. #82), and pursuant to the Government Motion (Dkt. #83), as well as U.S.S.G. §§ 4A1.3 and 4B1.1 upwardly departed on Mr. Howard's sentencing range from 120-121 months to 420 months to life. (J.A. pp. 718-728).

In increasing Mr. Howard's sentencing range, the Court cited Mr. Howard's prior criminal history. (J.A. p. 718). However, the Government, in its argument, contended that the appropriate sentencing range should have been 140 to 175 months. The Court went through its analysis to determine that Mr. Howard was a "de facto career offender," (J.A. p. 824) with a maximum possible sentence of life. The Court then invited the parties to argue for the appropriate sentence. (J.A. p. 725). This time the Assistant United States Attorney argued, "I don't see why a sentence of 360 months isn't absolutely appropriate for Mr. Howard." (J.A. p. 726). After hearing from Counsel, the Court again went through its analysis before imposing a life sentence. (J.A. pp. 726-736).

## SUMMARY OF ARGUMENT

The District Court erred in departing under U.S. Sentencing Guidelines Manual § 4A1.3 (2013) from an advisory Guidelines range of 120 months to a range of 360 months to life and in sentencing Howard to life imprisonment, in that the Sentence is unreasonable in violation of the ruling in <u>Gall v. United States</u>, 552 U.S. 38, 51 (2001).

## ARGUMENT

Standard of Review

The standard of review in this case is abuse of discretion. <u>United States v. Blakney</u>, 499 Fed. Appx. 238, 240 (4th Cir. 2012).

In departing upward when imposing a sentence, a sentencing Court must do so reasonably. <u>United States v. Cash</u>, 983 F.2d 558, 560 (4th Cir. 1992). While Courts have long held that a sentencing may consider uncounted sentences in fashioning the appropriate sentence, the sentence must still be reasonable. <u>United States v. Espinoza-Martinez</u>, 330 Fed. Appx. 49, 50 (4th Cir. 2009). <u>See also</u>, <u>Gall v. United States</u>, 552 U.S. 38, 46 (2007) and <u>United States v. Rivera-Santana</u>, 668 F.3d 95, 100-101 (4th Cir. 2012).

Furthermore, some Courts and the United States Sentencing Commission have determined that use of the career offender designation

9

may violate the purposes of sentencing by leading to a sentence greater then necessary. United States v. Mishoe, 241 F.3d 214 (2d Cir. 2001). "Incapacitating a low level drug seller prevents little, if any, drug selling; the crime is simply committed by someone else." U.S. Sentencing Commission, Fifteen Years of Guideline Sentencing, at 133-34 (Nov. 2004).

In this case, Mr. Howard was convicted of what in essence was being a low level drug seller. After his conviction, the United States Probation Office determined that the sentencing guideline range should be 120 months. The Government entered a pre-sentence motion for an upward departure to 140 to 175 months. This was, in fact, the first sentencing range argued for by the Government at sentencing. It was only after the Court went through its analyses that the Government argued for an increase in the range to 360 as being "absolutely appropriate." Even so, the court was not satisfied imposing a sentence of life.

The sentence of life is not appropriate in this case. While Mr. Howard has a significant prior record, the convictions in this case were still those of a low-level drug dealer. So much so, the U.S. Attorney's Office argued for a sentencing range of 140 to 175 months. Even the case that the Court compared this case to, i.e., United States v. Myers, 589 F.3d 117 (4th Cir. 2009), is distinguishable. In Myers, the Defendant was convicted on

10

multiple drug convictions. In addition, Myers had State drug, robbery and assault convictions, which were not scored for criminal history computation purposes. Finally, Myers also had served a lengthy federal prison sentence on a drug conspiracy case.

However, in <u>Myers</u>, supra, the Defendant was back in the drug trade within a month after being released from federal prison. In addition, there was evidence that Myers was using an 18 year old to put drugs into schools. Id at 122. Finally, despite the few similarities in the cases, Myers' sentence was 360 months, not life.

In short, a sentence of life for Mr. Howard is not reasonable.

<u>CONCLUSION</u>

For the reasons stated above, the sentence imposed in this case should be stricken.

Respectfully submitted, this the 28th day of January, 2014.

<u>/s/ Robert L. Cooper</u>
ROBERT L. COOPER
Counsel for Appellant
Cooper, Davis & Cooper
1719 Ramsey Street
Post Office Drawer 1598
Fayetteville, NC  28302-1598
(910) 483-3843
cooperdaviscooperatty@embarqmail.com

11

## CERTIFICATE OF COMPLIANCE

1. This brief has been prepared using Word, Times New Roman, 14 point, a proportionally spaced font.

2. Exclusive of the table of contents; table of citations; certificate of compliance and the certificate of service, this Brief of Appellant contains 2,275 words.

I understand that a material misrepresentation can result in the court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and a copy of the word or line printout.

January 28, 2014

                                             /s/ Robert L. Cooper
                                             ROBERT L. COOPER
                                             Attorney for Dennis Ray Howard

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 28th day of January, 2014, a true copy of the Supplemental Brief of Appellant was filed with the Clerk, United States Court of Appeals for the Fourth Circuit via hand delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

    Jennifer P. May-Parker
    OFFICE OF THE UNITED STATES ATTORNEY
    Federal Building, Suite 800
    310 New Bern Avenue
    Raleigh, North Carolina 27601
    jennifer.may-parker@usdoj.gov
    *Counsel for Appellee*

    /s/ Robert L. Cooper
    ROBERT L. COOPER
    Counsel for Dennis Ray Howard
    1719 Ramsey Street
    P O Drawer 1598
    Fayetteville, NC  28302-1598
    (910) 483-3843
    NC State Bar No. 13268